### ROBINSON *v.* WARD.

SAVING QUESTIONS FOR REVIEW — OBJECTIONS — EVIDENCE — DAMAGES—LOST PROFITS.

Where the purpose of counsel in introducing testimony in regard to the loss of future profits was stated frankly and unequivocally, but the objection to it was not placed upon the ground that such profits were unrecoverable, and the subject is not discussed in the briefs, the admissibility of the evidence will not be reviewed.

Error to Crawford; Sharpe, J. Submitted April 13, 1905. (Docket No. 68.) Decided May 12, 1905.

Assumpsit by Samuel A. Robinson against Henry C. Ward for breach of a contract to furnish logs for sawing. There was judgment for plaintiff, and defendant brings error. Affirmed.

*James E. Duffy,* for appellant.

*Ward B. Connine* (*Main J. Connine,* of counsel), for appellee.

OSTRANDER, J. The plaintiff sued for breach of a written contract to furnish logs for sawing, and recovered a small sum for unpaid saw bill and a larger sum for lost profits. Defendant claimed that there had been such breach of the contract by plaintiff as justified refusal to

furnish logs, and sought to recoup damages for improper sawing of lumber and for delays in sawing. About each issue presented there was a conflict of testimony. In our opinion it would not benefit the profession to state or discuss the points raised on this appeal. A motion for a new trial was made and denied. No reasons for denying the motion were given, and none were requested. There was testimony admitted, over objection, which probably had a material bearing upon the estimate of lost profits, and we are of opinion that defendant was entitled to more specific instructions to the jury upon the subject of lost future profits. But, although the purpose of counsel for plaintiff in introducing the testimony referred to was frank and unequivocal, objection to it was not put upon the ground above stated, nor is the subject discussed in appellant's brief. The court gave the only request presented by counsel for defendant upon the subject of the estimate of lost profits.

The judgment is affirmed, with costs.

MOORE, C. J., and CARPENTER, MCALVAY, and HOOKER, JJ., concurred.